IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **KAREN JEMISON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 1:05-CV-1699-VEH** |
| ) | |
| **LEGACY CABINETS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND PARTIAL ORDER

The court has before it the Motion (doc. #43) to Alter Judgment Pursuant to Rule 59 of Defendant Legacy Cabinets, Inc. ("Legacy"). After discussion of the standards governing a Rule 59(e) motion, the court concludes that Legacy's motion is due to be granted as to the Title VII sexual harassment claim. However, Legacy's motion is **DENIED** as to the Title VII retaliation claim.

### I.   Procedural History

Plaintiff Karen Jemison ("Jemison") initiated this lawsuit (doc. #1) on August 10, 2005 by filing a complaint in this court. The complaint asserts claims for: (1) Title VII sexual harassment (Count I); (2) Title VII gender and race pay discrimination (Count II); (3) violation of the Equal Pay Act (Count III); (4) 42 U.S.C. § 1981 pay discrimination (Count IV); (5) 42 U.S.C. § 1981 race discrimination in failure to promote (Count V); (6) Title VII gender discrimination

in failure to promote (Count VI); (7) invasion of privacy (Count VII); (8) negligent and/or wanton hiring, retention, training, and supervision (Count VIII); (9) Title VII retaliation (Count IX); and (10) assault and battery (Count X).  Defendant Legacy submitted a motion (doc. #21) for summary judgment for consideration on June 9, 2006.  After the motion (doc. #21) was fully briefed and analyzed in accordance with Rule 56 of the Federal Rules of Civil Procedure,[1] this court issued a Memorandum Opinion (doc. #40) and Order (doc. #41) dismissing all claims except for Count I (Title VII sexual harassment) and Count IX (Title VII retaliation).

    Legacy's motion contends that this ruling was made in clear error.  (See Doc. #43 and Doc. #47.)  Specifically, Legacy argues that it is entitled to a complete defense under Faragher/Ellerth as to Count I (see doc. #22) and that plaintiff's retaliation claim under Count IX is barred by the statute of limitations.  (See Doc. #43.)  Legacy's Notice (doc. #48) of Additional Authority contends that an employer is entitled to the Faragher/Ellerth affirmative defense if the result of the investigation is adequate.

---

[1] "In evaluating a motion for summary judgment under Rule 56(e), 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor.'" Stewart v. Booker T. Washington Ins., 232 F.3d 844, 850 (11th Cir. 2000), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "Moreover, the court must avoid weighing conflicting evidence or making credibility determinations."  Id.  (See also Doc. #40, Section II.)

## II.	Standards for Evaluating a Rule 59(e) Motion[2]

"The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed." Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998). A party may not "use a Rule 59(e) motion to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Essentially, a Rule 59(e) motion will not be granted when a party simply disagrees with the district court's decision but offers no new law or evidence. See id. However, there is some authority that Rule 59(e) motions may be granted for the following reasons: (1) to account for an intervening change in controlling law; (2) to address newly-discovered or previously-unavailable evidence; or (3) to correct clear error or prevent manifest injustice. See Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993).

The trial judge has discretion whether to alter or amend a judgment, and her decision will not be overturned on appeal absent abuse of that discretion. See, e.g. Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985). "In practice, because of the narrow purpose for which they are intended,

---

[2] The parties have correctly identified the grounds which justify granting a motion to alter or amend judgment. (See Doc. #46 at 1-3; see also Doc. #47 at 2.) However, for emphasis, the court reasserts those grounds here.

Rule 59(e) motions typically are denied." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (1995).

### III. Relevant Undisputed Facts

The court adopts and incorporates herein its Statement of Facts as set forth in the Memorandum Opinion (doc. #40), as those facts relate to Count I and Count IX of the Complaint.

### IV. Applicable Substantive Law and Analysis

Legacy argues in its motion (doc. #43) that: (1) the undisputed facts prove that Legacy is entitled to the Faragher/Ellerth affirmative defense and (2) plaintiff's retaliation claim is time barred. (See Doc. #43 at 1-6.) Plaintiff opposes the motion, asserting that: (1) factual disputes rendered summary judgment inappropriate on the defendant's Faragher affirmative defense; (2) the defendant did not raise the argument that the plaintiff's retaliation claim is time barred in its summary judgment brief or its reply brief; and (3) the plaintiff's retaliation claim, as it relates to the defendant's decision to write her up for failing to stop the sexual harassment about which she complained, is properly before this court because it is like or related to the allegations contained in her first EEOC charge and grow out of such allegations. (See Doc. #46 at 3-7.)

### A. The Faragher/Ellerth Affirmative Defense

The law governing the affirmative defense is clearly and accurately set forth in the Memorandum Opinion (doc. #40). For the complete defense to apply, Legacy must prove that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior." Faragher, 524 U.S. at 807.

> When crafting the first prong of the Faragher affirmative defense which requires, in part, that the employer exercise reasonable care to prevent sexual harassment, the Supreme Court sought to give effect to Title VII's deterrent purpose. See Faragher, 524 U.S. at 806 ("It would therefore implement clear statutory policy and complement the Government's Title VII enforcement efforts to recognize the employer's affirmative obligation to prevent violations and give credit here to employers who make reasonable efforts to discharge their duty"); Burlington Indust., 524 U.S. at 764 (noting that making employer liability contingent "in part on an employer's effort to create [antiharassment policies and effective grievance] procedures, . . . would effect Congress' intention to promote conciliation rather than litigation in the Title VII context, and the EEOC's policy of encouraging the development of grievance procedures") (citation omitted) . . . The Supreme Court further determined, when applying the new affirmative defense, that dissemination of an employer's anti-harassment policy was fundamental to meeting the requirement for exercising reasonable care in preventing sexual harassment. See Faragher, 524 U.S. at 808 (noting that it appeared the defendant employer would be unable to utilize the affirmative defense because it had 'entirely failed to disseminate its policy against sexual harassment among [its] employees').

Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1297-98 (11th Cir. 2000).

Disputes of fact surrounding the dissemination of Legacy's anti-harassment policy prevented the court from granting summary judgment in favor of Legacy as to

the sexual harassment claim.[3] (See Doc. #40 at 21-29; see also Pl. Dep. at 62, 64; Johnson Dep. at 15-17; Street Dep. at 11.) However, recent authority from the Eleventh Circuit makes clear that "even if the process in which an employer arrives at a remedy in the case of alleged sexual harassment is somehow defective, the defense is still available if the remedial result is adequate . . . In other words, a reasonable result cures an unreasonable process. It does so because Title VII is concerned with preventing discrimination, not with perfecting process." Baldwin v. Blue Cross/Blue Shield of Alabama, 2007 WL 805528, No. 05-15619, at *14 (11th Cir. March 19, 2007). Further, a result is reasonable "if the remedial measure is 'reasonably likely to prevent the misconduct from recurring.'" Id. at *15 (quoting Kilgore v. Thompson & Brock Mgmt., Inc., 93 F.3d 752, 754 (11th Cir. 1996)). Legacy in fact terminated the alleged harasser's employment after plaintiff complained about his behavior, despite the fact that the company was under no obligation to do so.[4] (See Doc. #40 at 41, n.30.) As such, Faragher/Ellerth provides

---

[3] However, the Memorandum Opinion (doc. #40, entered February 22, 2007) noted that "Legacy will likely establish that it has exercised reasonable care to prevent and correct promptly any sexually harassing behavior." As such, the court gave the parties a "heads-up" that it would seriously consider any Rule 50 motion brought to its attention during trial as to the Title VII sexual harassment claim.(See Doc. #40 at 29, n.28.)

[4] That Legacy rehired Cannoy (placing him on a different shift than plaintiff) does not "undo" the reasonableness of the remedial action. Plaintiff has

Legacy a complete defense on the Title VII sexual harassment claim.

For the aforementioned reasons, Legacy's Rule 59 Motion (doc. #43) to Alter or Amend Judgment is due to be granted as to the Title VII sexual harassment claim.

### B.     The Statute of Limitations

The law governing Title VII retaliation claims and the facts applicable thereto are clearly and accurately outlined in the Memorandum Opinion (doc. #40 at 38-40). As relevant here, in February 2004, after plaintiff complained about sexual harassment, she received a written warning for her failure to stop the harassment. (See Doc. #40 at 40-43.)  Legacy's motion (doc. #43) contends that this retaliation claim is time barred under National Railroad Corp. v. Morgan, 536 U.S. 101 (2002).[5] Plaintiff counters that the claim is properly before this court because it is like or

---

not made any sexual harassment complaints since February 2004.  (See Doc. #40 at 25 and AF No. 48.)

[5] Although the original brief (doc. #22) in support of the motion for summary judgment makes reference that "Title VII bars everything about which plaintiff complains arising before May 30, 2004, that was not also included in her first EEOC charge," (id. at 12-13), that sentence, and others pertinent thereto, are contained in a section titled "Plaintiff's Claims that Arose Before December 20, 2003 are Time-Barred" (id. at 12).  The section of Legacy's brief analyzing the retaliation claim does not assert the statute of limitations defense, but rather argues that plaintiff has not established a prima facie case of retaliation.  (See Doc. #22 at 25-27.)  The section of Legacy's reply brief analyzing the retaliation claim does not assert the statute of limitations defense, but focuses instead on the argument of material adversity.  (See Doc. #27 at 8-9.)  Thus, the issue of timeliness on the retaliation claim is buried, not pressed, in Legacy's argument.

related to the allegations contained in her first EEOC charge and grew out of such allegations in accordance with Gregory v. Ga. Dep't. of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004) ("The facts alleged in her EEOC charge could have reasonably been extended to encompass a claim for retaliation because they were inexplicably intertwined with her complaints of race and sex discrimination"). (See Doc. #46 at 3-7.) Both parties have compelling arguments. However, in light of Gregory and concomitant cases, the court is not convinced that it was clear error to deny summary judgment as to the retaliation claim.

For these reasons, Legacy's Rule 59 Motion (doc. #43) to Alter or Amend Judgment is **DENIED** as to the Title VII retaliation claim.

## V. Conclusion

For the aforementioned reasons, the summary judgment Order (doc. #41) will be **VACATED** insofar as it is inconsistent with this Opinion. A partial final judgment will be entered on all dismissed claims. The only claim remaining in this case is the Title VII retaliation claim asserted in Count IX of the Complaint.

**DONE** and **ORDERED** this the 5th day of April, 2007.

                                            **VIRGINIA EMERSON HOPKINS**
                                            United States District Judge